SAMUEL DAVIS & wife *vs.* JOHN W. WETHERELL & another

If the plaintiff in a bill in equity to redeem land from a mortgage claims the right to redeem by virtue of holding an estate of homestead in the premises, and the bill alleges that the premises were a part of the homestead farm of the plaintiff, though separated by land of other persons from that portion of the farm upon which his dwelling-house and barn were situated, and that he acquired an estate of homestead in the premises, no demurrer lies on the ground that the bill shows that the plaintiff is not entitled to any estate of homestead.

A woman having an inchoate right of dower may have a bill in equity to redeem land from a mortgage in which she has joined with her husband to release dower.

BILL IN EQUITY to redeem land from a mortgage. The bill set forth that Samuel Davis, on the 1st of April 1854, made a mortgage, in which his wife joined, of a tract of land in Worcester, to secure the payment of six thousand dollars; that the mortgage was assigned to the defendant Wetherell on the 27th of June 1860; that Davis became an insolvent debtor June 5th 1861; and on the 29th of May 1862 his assignees conveyed to Wetherell the equity of redemption in the premises; that May 1st 1863, the mortgage debt being due, Wetherell entered for the purpose of foreclosing his mortgage, and recorded a certificate of his entry; that November 1st 1864 Wetherell conveyed to the other defendant, Anna D. Anthony, by a quit-claim deed, all his interest in the premises; that the defendants have both been in possession, taking the rents and profits; that the premises were a part of the homestead farm of Davis, though separated by lands of other persons from that portion of the farm upon which his dwelling-house and barn were situated, and were half a mile distant therefrom, and were bought by Davis after the purchase of the rest of the farm, but were used and culti vated by him in connection with the rest of the farm, partly fo mowing and partly for pasturing his farm cattle; that Davis acquired a homestead in the premises under the provisions of *St.* 1855, *c.* 238, and was entitled to have the same set off to him, as against all persons except the mortgagees; and that Selina E. Davis, his wife, would be entitled, in case she should survive

her husband, to have dower assigned her in the premises, except as against the mortgagees.

The defendants demurred, and at the argument relied on the following causes of demurrer : " 1. Because the plaintiffs are not entitled to any homestead. 2. Because the husband is not entitled to any homestead. 3. Because the wife is not entitled to maintain a bill for her dower or homestead in the lifetime of her husband, either with or without her husband, under the circumstances stated in the bill."

The case was reserved by *Gray,* J., for the determination of the full court.

*P. C. Bacon,* for the defendants.

*T. L. Nelson,* for the plaintiffs.

HOAR, J. The questions presented for decision upon the argument of the demurrer are only these : 1. Whether the husband, Samuel Davis, is entitled to maintain a bill to redeem, by reason of a homestead estate in the equity of redemption under *St.* 1855, *c.* 238 ; and 2. Whether his wife, who joins in the bill, is entitled to redeem by virtue of her inchoate right of dower in the equity, she having joined with her husband in executing the mortgage ?

Upon the first question, the court are of opinion that the rights of the parties cannot be conclusively settled upon demurrer. The bill contains the distinct averment that the parcel of land described in the mortgage is a part of the farm occupied and used as a residence by the said Davis, as a householder with a family, and that he was entitled to a homestead in the equity of redemption thereof. As a matter of pleading, the allegation seems to be sufficient. Whether upon the proofs the allegation will be sustained, or whether the case will fall within the rule adopted in *Adams* v. *Jenkins,* 16 Gray,    , we cannot now determine.

The other question is new and interesting, and nothing has been found in the way of direct authority which bears upon it. That a widow is dowable of an equity of redemption is well settled ; indeed, is especially provided by statute. Gen. Sts. *c.* 90, § 2. But no adjudged case has been found in which a

wife having an inchoate right of dower has been allowed to redeem from a mortgage in which she had joined with her husband. Before the Revised Statutes, it would seem that if the mortgagee or his assigns had purchased the husband's equity of redemption, he could not cut off the wife's right of dower in the equity by a foreclosure until after the husband's death. *Lund* v. *Woods*, 11 Met. 566. But since the Revised Statutes it has been repeatedly determined that the foreclosure, in the mode provided by statute, of a mortgage in which the wife had joined to release her dower, or in case the husband had only been seised of an equity of redemption during the coverture, would bar the right of dower. And in a suit against the husband to foreclose, the wife need not be made a party. *Wedge* v. *Moore*, 6 Cush. 8. *Savage* v. *Hall*, 12 Gray, 363. *Farwell* v. *Cotting*, 8 Allen, 211. *Pitts* v. *Aldrich*, 11 Allen, 39.

Upon general principles of equity, it is difficult to find a reason why an inchoate right of dower should not be protected against extinguishment by the foreclosure of a mortgage; especially where the husband has parted with his whole estate in the land, and can no longer be regarded as, in any sense, representing the interests of the wife. Coverture is no bar to the maintenance of a suit in equity; and it is the policy of our legislation to permit married women to assert, protect and sue for their separate rights of property. By Gen. Sts. *c.* 140, § 13, the right of redeeming a mortgage is given to " the mortgagor, or any person lawfully claiming or holding under him." A woman entitled to an inchoate right of dower cannot be regarded as " holding" under her husband, as she certainly has no estate in possession. But she may well enough be considered as " claiming" under him. When her dower is assigned, her estate is a continuance of her husband's. Her inchoate right of dower is a right of a very peculiar nature. It is a right of which nothing but her death or voluntary act can deprive her, and so it is something more than a mere possibility. Ordinary statutes of limitation do not run against it, so that adverse possession as against her husband will not deprive her of it. And although she cannot convey or alienate it, except by joining in a deed with her husband to release it

and cannot protect it from waste, and it is not liable to be taken by legal process, yet her husband cannot bar or incumber it. As was said by Chief Justice Parker in *Bullard* v. *Briggs*, 7 Pick. 533, it is "a valuable interest, which is frequently the subject of contract and bargain." "It is more than a possibility, and may well be denominated a contingent interest." In that case it was held that where a wife joined with her husband in releasing her dower to a mortgagee, and the husband, in consideration of such release, conveyed the equity of redemption to a trustee for her benefit, the conveyance could not be avoided by his creditors, if the value of the dower was equal to that of the equity conveyed.

In *Bacon* v. *Bowdoin*, 22 Pick. 401, it was decided that a tenant for years, or even the owner of a mere easement in land, might bring a bill to redeem a mortgage. And we think it could not be doubted that the owner of a life estate in remainder, or other contingent estate, might redeem. After the death of the husband, and before assignment of dower, the widow has no estate which she can enter upon or convey; yet undoubtedly she has an interest sufficient to support a suit for redemption. *Eaton* v. *Simonds*, 14 Pick. 98. *Farwell* v. *Cotting*, 8 Allen, 211.

In *Burns* v. *Lynde*, 6 Allen, 305, a wife having an inchoate right of dower was allowed to maintain a suit in equity to set aside a deed purporting to release her dower, which had been executed by her in blank and afterwards filled up ; and a decree was made for a reconveyance to her of the right of dower by the grantee in the deed. That case goes very far in principle to sustain the conclusion to which we have come in the case at bar.

And we are all of opinion that the female plaintiff, having a valuable interest in the mortgaged premises, in privity with the mortgagor, an interest which she might have released to the assignee of the equity of redemption for a pecuniary consideration perhaps of considerable amount, and of which she would be deprived by a foreclosure of the mortgage, is entitled to maintain her bill.

For the reasons stated in *Brown* v. *Lapham*, 3 Cush. 551, **we**

think there was no merger of the equitable in the legal title, ana that the defendant may have the full benefit of the assignment of the mortgage.

If she shall elect to receive the whole amount due on the mortgage, preferring the surrender of her equity of redemption to contribution, she may do so; and Mrs. Davis, on payment of that sum, will hold a valid title as assignee of the mortgage. If a question as to the proportion in which the respective interests are to contribute shall hereafter arise, some mode by which their proportionate value can be ascertained must then be adopted. It does not arise upon the demurrer.

*Demurrer overruled.*